# United States Bankruptcy Court
# for the District of Oregon

**Frank R. Alley, III, Judge**
Barbara D. Ivey, Judicial Assistant
Lee D. Brice, Law Clerk



405 East Eighth Ave., Suite 2600
Eugene, Oregon 97401
(541) 431-4055
FAX: (541) 431-4048

September 1, 2006

Mr. Brian Turner
1631 NE Broadway, #120
Portland, OR 97232

RE:     Case No. 06-61661-fra13     BUDD W. SHIPTON

Dear Mr. Turner:

       The Court has reviewed Debtor's motion to vacate the petition and subsequent order for relief entered in this matter on August 24, 2006. However, the Court lacks the authority to grant the relief sought, and must deny the motion.

       The voluntary petition under Chapter 13 of the Code was filed electronically on August 24, 2006, at 1:58 p.m. Debtor's motion to vacate was electronically filed later that afternoon at 5:52 p.m. The following day Debtor's certificate of credit counseling briefing was electronically filed. The certificate revealed that the briefing had been concluded at 6:27 p.m. on the 24th.

       The motion to vacate was brought to the Court's attention on the 26th. By that time electronic and other notices of the case had been issued to the Trustee and interested parties.

       No provision of the Bankruptcy Code authorizes the Court to "vacate" a petition. The act of filing is itself an order for relief which has various consequences, the least of which is the imposition of the automatic stay. While a case may be dismissed, it is not possible to strike or "vacate" a petition and pretend that the case never existed.

       The Court is aware of the Bankruptcy Reform Act's stringent treatment of repeat filers under § 362 and elsewhere. However, relief from these sanctions is available by motion: allowing a first "strike" to be eliminated by vacating the petition allows the debtor to evade the review called for in these provisions, contrary to the language of the statute.

       It may be that Debtor is, in this particular case, ineligible under Code § 109(h)(1). However, there is case law that suggests that a defect in eligibility under Code § 109 does not deprive the Court of subject matter jurisdiction. See <u>In re Luna</u>, 122 B.R. 575 (9th Cir. BAP

1991) (Declining to follow rule that ineligibility under § 109(g) deprives the court of subject matter jurisdiction.)  Absent a clear indication that the Court lacks subject matter jurisdiction, I decline to dismiss the case *sua sponte*.  Whether any interested party will seek dismissal of the case is up to them.  See In re Duffus, 339 B.R. 746 (Bankr. D. Or. 2006).

  An order denying the motion to vacate will be entered.  Absent a motion from an interested party administration of the case will continue in the ordinary course.

          Very truly yours,

          FRANK R. ALLEY, III
          Bankruptcy Judge

FRA:bdi

cc: Ms. Gail Geiger
  Mr. Fred Long

P.S.  After the foregoing was dictated, the Court was made aware of Debtor's request for an extension of time to complete the pre-filing briefing (Document No. 9).  The matter will be set for hearing as promptly as the Court's schedule will permit.